IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD WAYNE LAMOUREAUX,                )
                                        )
                    Petitioner,         )
                                        )
v.                                      )       Case No. 25-3149-JWL
                                        )
STEVE LAURITSEN, RRC Manager,           )
                                        )
                    Respondent.         )
                                        )
_____ )

### MEMORANDUM AND ORDER

This matter comes before the Court on a *pro se* petition for habeas relief under 28 U.S.C. § 2241. For the reasons set forth below, the Court **dismisses** the petition for lack of jurisdiction.

In 2015, petitioner entered a conditional guilty plea and was convicted in the United States District Court for the Western District of Arkansas of one count of attempting to entice a minor to engage in a sexual act, in violation of 18 U.S.C. § 2422(b). His conviction was affirmed on appeal. *See United States v. Lamoureaux*, 669 F. App'x 810 (8th Cir. Oct. 18, 2016). Petitioner was sentenced to a term of imprisonment of 180 months, and he is presently imprisoned within this judicial district.

By his habeas petition, petitioner challenges the validity of his conviction, arguing that the trial court lacked subject matter jurisdiction because he was immune from prosecution as a mandatory reporter under 34 U.S.C. § 20342. Petitioner would ordinarily

be required to seek such relief by motion pursuant to 28 U.S.C. § 2255, as the Tenth Circuit has explained:

> Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him . . . . Meanwhile, § 2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement.

*See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (emphasis in original). Petitioner argues that he should be permitted to seek relief in this case under the "savings clause" of Section 2255(e), "which sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement." *See Prost*, 636 F.3d at 581. "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *See id.* (quoting 28 U.S.C. § 2255(e)) (second alteration in original).

Petitioner argues that a Section 2255 remedy would be inadequate or ineffective – and that the savings clause requirement is therefore satisfied here – because he may no longer assert this claim under Section 2255. As he concedes, in 2017 petitioner filed his original Section 2255 petition, in which he asserted various other claims, and thus petitioner may not now assert his present claim in a successive Section 2255 motion. *See* 28 U.S.C. § 2255(h) (successive petition must be based on newly discovered evidence or a new retroactive rule of constitutional law). Indeed, petitioner has attempted to raise his jurisdictional argument by Section 2255 motion on three occasions since the denial of his

2

original post-conviction motion. On the first of those occasions, the district court denied the motion both (1) as an improper successive motion filed without the requisite authorization from the court of appeals and (2) on the merits; on the other two occasions, the district court denied the motion as an improper successive motion. On each occasion, the Eighth Circuit declined to issue a certificate of appealability to allow petitioner to appeal the denial. The Eighth Circuit has also declined to authorize such a successive motion.

The Tenth Circuit has foreclosed this argument for habeas review, however. In *Prost*, the court held that the Section 2255 remedy is not inadequate or ineffective under the savings clause of Section 2255(e) merely because a previous motion under that statute did not succeed or a new motion could not succeed, as long as the claim *could* have been raised in an original Section 2255 motion. *See Prost*, 636 F.3d at 584-98. In this case, petitioner could have raised this issue of jurisdiction in his original timely motion under Section 2255; therefore, his remedy under that statute was not inadequate or ineffective, and he may not rely on the savings clause to seek relief under Section 2241.[1]

Petitioner argues that Section 2255(h)'s restriction on successive motions violates the Constitution's Suspension Clause, which provides that "[t]he Privilege of the Writ of

---

[1] In fact, petitioner seems to believe that he *did* raise this issue in his original motion. Presently pending in the Arkansas district court is petitioner's motion for reconsideration of the denial of the original Section 2255 motion, on the ground that the court, in denying that motion, failed to rule on the jurisdictional issue raised by petitioner in the original motion. A review of petitioner's briefs in support of the motion, however, reveals that petitioner did not in fact raise any issue concerning the court's jurisdiction in the original Section 2255 motion.

3

Habeas Corpus shall not be suspended," *see* U.S. Const. art. I, § 9, cl. 2; and he appears to argue that this Court's refusal to exercise jurisdiction to address his claim would also violate that Clause. The Court rejects this argument. In *Hale v. Fox*, 829 F.3d 1162 (10th Cir. 2016), the Tenth Circuit rejected the same Suspension Clause argument after holding that the savings clause of Section 2255(e) did not allow for habeas jurisdiction just because a successive postconviction motion in the sentencing court would have been foreclosed by Section 2255(h). *See id.* at 1176. Only two years ago, the Supreme Court effectively upheld the Tenth Circuit's rule from *Prost* when it held that Section 2255(e) does not allow a petitioner to circumvent the restrictions in Section 2255(h) by seeking relief pursuant to Section 2241. *See Jones v. Hendrix*, 599 U.S. 465, 477 (2023). The Supreme Court went on to reject the argument that the inability to obtain habeas relief under Section 2241 would violate the Suspension Clause. *See id.* at 482-87.

Accordingly, this Court lacks jurisdiction to hear petitioner's challenge to his conviction as a habeas claim under Section 2241. Petitioner remains free to argue that Section 2255(h)'s restrictions on successive postconviction motions violate the Suspension Clause or are otherwise unconstitutional; but he must make any such argument pursuant to Section 2255 in his sentencing court or upon authorization by the Eighth Circuit.[2]

---

[2] The Court notes that the Supreme Court has held that similar restrictions against successive Section 2254 applications for habeas relief under 28 U.S.C. § 2244(b) do not violate the Suspension Clause. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

4

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas relief under 28 U.S.C. § 2241 is hereby **dismissed** for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 8th day of August, 2025, in Kansas City, Kansas.

<u>/s/   John W. Lungstrum</u>
John W. Lungstrum
United States District Judge